IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Thomas Abraham, | ) | |
| | ) | C/A No. 8:11-3016-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Newberry County, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Remand. (Dkt. # 17). This motion has been fully briefed and is ripe for ruling. For the reasons discussed below, the motion is granted.

On October 5, 2011, Plaintiff originally filed this action in state court in Newberry County and Defendants timely removed this action to this court. In his Complaint, Plaintiff alleges claims pursuant to the South Carolina Magistrate's Pay Act, S.C. Code Ann. § 22-8-10 et. seq., and common law relating to his wages. In his Complaint, Plaintiff also alleged:

> The additional time required to conduct his duties exceeded more than forty ( 40) hours per week, as indicated above, and such additional hours should be subject to payment by the County at the rate of one-and-one half times his regular salary under State and Federal law.

(Compl. ¶ 12). Based upon this parargraph, Defendants removed the action to this court believing that Plaintiff was alleging a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. Defendants also filed a Motion for a More Definite Statement on the ground that the Complaint was not clear as to what allegations were being asserted

against which Defendant(s). (Dkt. # 7). This court granted the Motion for a More Definite Statement on January 3, 2012, and Plaintiff was given until January 23, 2012, to file an Amended Complaint. (Dkt. # 13). Instead, on January 17, 2012, the parties stipulated that Defendant Jayroe should be dismissed from this action without prejudice and Jayroe subsequently was dismissed.

On February 1, 2012, Plaintiff filed this Motion to Remand the action to state court. (Dkt. # 17). In his motion, Plaintiff states that he is not alleging any claims under the FSLA. He states that "the sole cause of action asserted is under the Magistrate's Pay Act. . . " (Pl.'s Mot. to Remand). Defendant filed a response to the motion to remand in which it states that it does not oppose a remand and consents to Plaintiff's withdrawal of any federal claims. (Def.'s Response to Motion to Remand at 2).

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called federal question jurisdiction under 28 U.S.C. § 1331.

The defendant bears the burden of establishing the existence of removal jurisdiction. *Mulachey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Id.* Where, as here, the defendant bases subject matter jurisdiction on the presence of a federal question, the court must evaluate the plaintiff's complaint filed in a state court to determine if federal question jurisdiction is present. *Merrell Dow Pharms.,*

*Inc. v. Thompson,* 478 U.S. 804, 808 (1986).

Plaintiff states he has alleged solely state law claims in the instant action and seeks a remand of this action to state court. Defendant does not oppose a remand. As is appears this court does not have federal question jurisdiction, the court concludes that this action must be remanded to the Court of Common Pleas for Newberry County.

For the foregoing reasons, Plaintiff's Motion to Remand (Dkt. # 17) is **GRANTED** and this case is **REMANDED** to the Court of Common Pleas for Newberry County, South Carolina.

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                United States District Judge

Greenville, South Carolina
February 22, 2012